Case 1:19-cr-00536-ELH   Document 63   Filed 11/17/21   Page 1 of 3



**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*

---

*Paul E. Budlow*  *Suite 400*  DIRECT: 410-209-4917
*Assistant United States Attorney*  *36 S. Charles Street*  MAIN: 410-209-4800
*Paul.Budlow@usdoj.gov*  *Baltimore, MD 21201-3119*  FAX: 410-962-3091

November 17, 2021

The Honorable Ellen L. Hollander
United States District Judge
101 West Lombard Street
Baltimore, MD 21201

      Re:    United States v. Eric Donovan Ashe
              Criminal #: ELH-19-0536
              <u>Sentencing:  November 24, 2021</u>

Dear Judge Hollander:

      I write to address the defendant's sentencing letter, dated November 10, 2021, in which the defendant argues that this Court should sentence the defendant to the mandatory minimum term of 60 months' imprisonment, and in particular, relies on the opinion and report of psychologist Michael J. O'Connell, Ph.D., ABPP.

      O'Connell's examination, report and opinion are based on incomplete information, missing arguably the most critical facts relating to the danger presented by the defendant. According to O'Connell, his diagnoses of the defendant do not include any sexual disorders, and do not indicate that the defendant is sexually attracted to minors. The source for this information, however, is the defendant. According to O'Connell, the defendant "reports being interested in same aged females," the defendant "does not report any interest in child pornography," and the defendant "does not report any problems with impulse control [and] does not report any symptoms of a sexual disorder." See O'Connell report, Attachment B to Def. Sent. Letter, p. 6. In addition to his interview of the defendant, O'Connell reviewed only the indictment, search warrant affidavit, and the interview of the defendant. *Id*. at 1, 7. Astonishingly, O'Connell refers to these sources as "a detailed description of the charges." *Id*.

      As this Court is aware, however, the sources reviewed by O'Connell to form the basis of his opinion and treatment of the defendant are simply a description of *a portion of the investigation*. The facts that are critical to an evaluation of the defendant's conduct *in every case* – whether under 18 U.S.C. § 3553 or for a thorough psychological evaluation – is the offense conduct, the stipulated facts. These are the facts that the defendant has agreed to under oath, and are incorporated into the Presentence Report. See PSR, "The Offense Conduct," ¶¶ 6-27. These facts are the nature and circumstances of the offense, and bear directly on the Court's evaluation of the danger the

defendant poses, the need to deter the defendant and others, and the need to protect the public from future crimes of the defendant. The Court, the government, the defense, and O'Connell, an experienced expert, are all aware of this fact.

But in reaching his conclusions, O'Connell did not review the offense conduct. He was only aware that the defendant, from 2017 – 2019, sold nude images of a female he claimed to be a minor, to men, in exchange for Amazon gift cards. Even the indictment, also reviewed by O'Connell, relates only to the defendant's sending of child pornography on one day in 2019, during this scheme. This is all serious conduct, to be sure, but far from a complete accounting of the defendant's conduct in this case.

What O'Connell was completely unaware of, however, is that the defendant has been collecting child pornography since 2014. O'Connell was also unaware defendant had more than 500 videos and 250 images of child pornography, including prepubescent children engaging in sex acts, including files that were named based on the age of the victims in single digits, such as "7 yo …". O'Connell was also unaware of the defendant's documented history of searching for child exploitation materials going back to 2014, as detailed in the agreed facts, including: "10 year old girl", "12 year old girl", "11 year old girl", "good pedophile movies", "rape of a minir", "child grooming", "movies about kids getting raped", "child pornography", "child abuse images", and "rape of a child".

Instead of this accurate history demonstrating the defendant's sexual attraction to children, O'Connell was aware only that the defendant, during a custodial interview nearly two years before his guilty plea, *denied* searching for or saving child pornography, and falsely claimed that someone else must have put the images on his devices, as follows:

| Investigator: | So a.., along those lines.., um.., even just being curious or anything, have you ever searched for child pornography? |
|---|---|
| Defendant: | No. No. No. |
| Investigator: | Have you saved it? |
| Defendant: | No. No. |
| Investigator: | Not on that thumb drive? |
| Defendant: | No, never. No, no, no, no, no, no, I swear to God I have not. No. |
| Investigator: | Do you know how files of child pornography would get on the thumb drive? |
| Defendant: | Someone saved 'em there. I don't know. |
| Investigator: | Okay. |
| Defendant: | I don't do none of that. |

*Transcript of the defendant's custodial interview*, September 11, 2019, 156-157.  So not only was O'Connell not aware of the now-admitted history of the defendant's child exploitation activity, but he also relied on the defendant's false denials of this history to law enforcement and to O'Connell as well.

      Thus, O'Connell could not possibly make an accurate diagnosis regarding defendant's sexual attraction to minors, and his opinion as it relates to the danger posed by the defendant is likewise not reliable.[1]  In fact, what is clear from this record is that the defendant has never provided full and truthful information to his psychologist about the true nature of his sexual deviance.  Yet the defense argues that the defendant "does not present a risk of danger to the community with ongoing treatment now that his diagnosis is known to both Mr. Ashe and his family." Def. Letter, p. 6.

      This "diagnosis" and "treatment," however, have no relation to the issues that brought the defendant to the attention of law enforcement and to this Court for sentencing – his sexual attraction to minors.  The defendant cannot be truly seeking treatment and rehabilitation when he has not come to terms with, or even fully admitted, his sexual attraction to minors.  Based on the facts before this Court, including O'Connell's report, the defendant remains a significant danger to the community.

Respectfully Submitted,

Erek L. Barron
United States Attorney

_/s/ Paul E. Budlow_____

Paul E. Budlow
Assistant United States Attorney

---

[1] O'Connell's report states that in addition to the few materials he reviewed, and the information provided by the defendant, he also performed one general psychological evaluations, the Personality Assessment Inventory (PAI) and one test that measures daily living skills, the Adaptive Behavior Assessment System – 3rd edition (ABAS-3). O'Connell report, 7.  Notably, O'Connell did not perform a psychosexual evaluation, and appears to have administered no tests relating to sexual arousal.